# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; Local 150 IUOE Vacation Savings Plan; and Construction Industry Research and Service Trust Fund, | ) ) ) ) ) ) ) ) | Case No. Judge: Magistrate Judge: |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | |
| Valor Underground Consulting and Services, LLC, d/b/a Valor Underground Construction, LLC, an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF") bring this action to collect contributions; non-compliance audit fees for the period August 21, 2024, through September 26, 2024; and delinquent reports from November 2023 to the present from Defendant Valor Underground Consulting and Services, LLC, d/b/a Valor Underground Construction, LLC ("Valor"), an Illinois corporation.

**COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS**

**Facts Common to All Counts**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Valor is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5), and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in New Lenox, Illinois (Exhibit A).

3. Valor identified Robert Opsenica as its President (Exhibit B).

4. On March 7, 2022, Valor, through Robert Opsenica, signed a Memorandum of Agreement (Exhibit B) with the Union that adopted the terms of a collective bargaining agreement ("CBA") known as the Contractors Association of Will & Grundy Counties ("CAWGC") Heavy, Highway & Underground Agreement Districts 1-2-3 (excerpts attached as Exhibit C).

5. The CBA and the Agreements and Declarations of Trust incorporated therein require Valor to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002(3).

6. The CBA and Trust Agreements specifically require Valor to:

(a) submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b) compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of 10 percent of untimely contributions, or 20 percent of such contributions should the Funds be required to file suit;

(c) pay interest to compensate the Funds for the loss of investment income;

2

(d)     make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     furnish to the Funds a bond in an amount acceptable to the Funds.

7.     The CBA also requires Valor to make contributions to CRF. CRF is a labor-management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). The CBA places the same obligations on Valor with respect to CRF as it does the Funds.

8.     Pursuant to an audit of Defendant's payroll books and records conducted by Plaintiffs' auditors, Valor has become delinquent in the submission of its reports and contributions due the Funds and CRF. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and non-compliance audit fees.

## Jurisdiction and Venue

9.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331, because ERISA is a federal statute.

10.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

11.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

12. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees, and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports, or submitted reports without accompanying payment, so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

13. Prior to the start of the audit, Valor failed to promptly provide the auditor with requested audit documents.

14. The Funds have an audit non-compliance fee for failure to provide documents to the auditor in a timely manner.

15. Valor incurred the non-compliance fee for the period August 21, 2024, through September 26, 2024.

16. Valor has violated ERISA and breached the CBA and the Trust Agreements because it has failed to submit its reports, or submitted reports without accompanying payment, and thus has failed to submit fringe benefit contributions timely to the Funds and refused to pay liquidated damages and interest that have accrued.

17. The Funds conducted a random audit which disclosed additional hours that were not reported and for which no contributions were remitted.

18. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Valor, there is a total of $159,046.23, including the audit non-compliance fee, known to be due the Funds from Valor, before the assessment of attorneys'

fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court find that Defendant consented to judgment and therefore:

(a) enter judgment in favor of the Funds and against Defendant for all unpaid contributions as identified in the audit;

(b) order Defendant to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

(c) enter judgment against Defendant and in favor of the Funds for liquidated damages, interest, attorneys' fees, costs associated with all delinquent contributions, including any amounts estimated to be due in view of Defendant's failure to submit all contribution reports required by the CBA, and non-compliance audit fees;

(d) enjoin Defendant to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

(e) provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## **COUNT II. SUIT TO COLLECT CRF CONTRIBUTIONS**

1-8. CRF re-alleges and incorporates herein by reference paragraphs 1 through 8 of Count I as if fully stated herein.

### **Jurisdiction and Venue**

9. This Court has jurisdiction over this action pursuant to Section 301 of the LMRA, 29 U.S.C. § 185, and 28 U.S.C. § 1331.

10. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

**Allegations of Violations**

11. Valor has not submitted all of its contribution reports to CRF. Valor has failed to make timely payment of all contributions acknowledged to be due according to Valor's own contribution reports and the CBA, and Valor has failed to pay interest and liquidated damages required by the CBA. Accordingly, Valor is in breach of its obligations to the CRF under the CBA.

12. CRF conducted a random audit which disclosed additional hours that were not reported and for which no contributions were remitted.

13. That upon careful review of all records maintained by CRF and after application of any and all partial payments made by Valor, there is a total of $2,400.00 known to be due to CRF from Valor subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court find that Defendant consented to judgment and therefore:

(a) order Defendant to submit all delinquent monthly contribution reports;

(b) enter judgment against Defendant and in favor of the Funds for liquidated damages, interest, attorneys' fees, costs associated with all delinquent contributions, and non-compliance audit fees;

(c) enter judgment in favor of CRF and against Defendant for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees, and costs, including any amounts estimated to be due in view of Defendant's failure to submit all contribution reports required by the CBA, and non-compliance audit fees;

(d) enjoin Defendant to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

(e) award CRF such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

Dated: April 15, 2025                    Respectfully submitted,

                                                     By:  /s/ Charles R. Kiser
                                                         One of the Attorneys for Plaintiffs

| Attorneys for Local 150: | Attorney for the Funds: |
|---|---|
| Dale D. Pierson *(dpierson@local150.org)* | Charles R. Kiser *(ckiser@local150.org)* |
| Charles R. Kiser *(ckiser@local150.org)* | Institute for Worker Welfare, P.C. |
| Local 150 Legal Department | 6141 Joliet Road |
| 6140 Joliet Road | Countryside, IL  60525 |
| Countryside, IL  60525 | Ph. 708/579-6649 |
| Ph. 708/579-6663 | Fx. 708/588-1647 |
| Fx. 708/588-1647 | |

7